The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





_____
Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CAROLYN JO SONGER, | ) | CASE NO. 11-60136 |
| | ) | |
| Debtor. | ) | ADV. NO. 11-6021 |
| | ) | |
| JOSIAH L. MASON, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| CAROLYN JO SONGER, et al., | ) | **PUBLICATION)** |
| | ) | |
| Defendants. | ) | |

Plaintiff-trustee ("Trustee") filed a complaint on May 20, 2011. Defendant HSBC Mortgage Corporation (USA) ("HSBC") moved to dismiss the complaint on June 3, 2011. Trustee opposes dismissal.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This adversary is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

HSBC moves under Federal Rule of Bankruptcy Procedure 7012, which adopts Federal Rule of Civil Procedure 12 into bankruptcy practice. HSBC seeks alternative relief: either dismissal of the complaint for failure to state a claim under Rule 12(b)(6) or an order requiring a more definite statement under Rule 12(e). HSBC protests that, because the complaint makes no reference to a bankruptcy code section, it is unable to determine the nature of Trustee's claim against it. It is not sure whether it simply needs to set forth its claim against the property by virtue of its mortgage or whether it needs to defend the validity of the mortgage.

Trustee's complaint alleges that a mortgage recorded on June 27, 2005, and assigned to HSBC, is not valid because "the names of the Mortgagors do not appear in the jurat which is recorded at page 315." The prayer for relief requests the court to determine liens, among a host of other things. The only bankruptcy code or rule provision cited in the entire complaint is in paragraph fourteen, which states that, under 11 U.S.C. § 363(I), Defendant James D. Songer has the right to purchase the property.

## ANALYSIS

HSBC's motion to dismiss implicates Federal Rule of Bankruptcy Procedure 7008, incorporating Federal Rule of Civil Procedure 8, which outlines the pleading requirements for a claim for relief. Fed. R. Civ. P. 8(a). As the Supreme Court reiterated, the standard requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). Rule 8(e) advises that pleadings are to be "construed so as to do justice."

The allegation that the jurat does not contain the mortgagors' names clearly suggests that Trustee is proceeding on defective execution theory. The problem is that, even when this fact is viewed in Trustee's favor, Trustee has not identified an underlying legal claim or cause of action upon which he can demonstrate his entitlement to relief. In failing to cite a statutory code provision or cause of action, Trustee failed to provide context for the factual allegation.

The deficiency in this case is the reverse of that often considered by courts. Generally, Rule 12(b)(6) motions involve a paucity or deficiency of fact. See, e.g., Twombly, 550 U.S. 544 (requiring enough facts to show that a claim is plausible, not merely speculative); Frank v. Dana Corp., 2011 WL 2020717 (6th Cir. 2011) (reporter citation not yet available) (discussing the factual premise required for a securities fraud claim under section 10(b) of the Securities Exchange Act); Gold v. Deloitte & Touche LLP (In re NM Holdings Co., LLC), 622 F.3d 613 (6th Cir. 2010) (deeming a "mere 'formulaic recitation'" of an element of a claim insufficient)

(citing Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009)). Here, the opposite is true because the complaint contains a factual premise, but not a legal premise. It's a buggy without a horse.

In spite of the pleading inadequacy, HSBC recognizes, in paragraph four of its motion, that Trustee may be seeking avoidance of the mortgage. Trustee confirms this in his response to the motion to dismiss. Thus, it's apparent that HSBC does have some notice of the potential claim. Under the liberal pleadings standards, a few courts have refused to dismiss complaints on the basis that "even the failure to cite a statute, or to cite the correct statute, will not affect the merits of the claim." See, e.g., Enron Corp. v. Nat'l Energy Prod. Corp. (In re Enron), 2006 WL 2400369 (Bankr. S.D.N.Y. 2006) (citing Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 46 (2d Cir. 1997)); Tyson v. U.S. Dep't of Agric. (In re Tyson), 2011 WL 2222193 (Bankr. W.D. Tenn. 2011) (reporter citation not yet available) (citations omitted). Considering HSBC's request for alternative relief, the court finds alternative relief preferable to the harshness of dismissal. Both parties have been involved in this type of litigation before and, even though Trustee's complaint is a model of poor pleading, the court finds he has pled a factual allegation establishing a basis for a claim that meets the plausibility standard.

HSBC's alternative argument, its request for a more definite statement, is premised in Federal Rule of Civil Procedure 12(e). These motions are generally disfavored because of their dilatory nature. See, e.g., Monahan v. Smyth Automotive, Inc., 2011 WL 379129 (S.D. Ohio 2011) (unreported); Nat'l Strategies, LLC v. Naphcare, Inc., 2010 WL 5392947 (N.D. Ohio 2010) (unreported); Cobb v. Regions Bank, 2010 WL 2010789 (W.D. Tenn. 2010) (unreported). Under Rule 12(e), a party can move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." The standard for granting a motion for more definite statement is that the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Shirk v. Fifth Third Bancorp, 2008 WL 4449024 * 8 (S.D. Ohio 2008) (citing Kok v. First Unum Life Ins. Co., 154 F.Supp.2d 777, 781-82 (S.D.N.Y. 2001)). This is such a case. Trustee failed to identify his legal claim and HSBC cannot reasonably be expected to respond to the allegations in the complaint when it cannot identify the cause of action. Responding to the allegations in the complaint would require HSBC to speculate as to Trustee's cause(s) of action in preparing its answer. The could result in serious prejudice to HSBC. HSBC is entitled to a more definite statement before responding to Trustee's complaint.

HSBC's motion to dismiss will be denied, and the motion for a more definite statement granted, in an order entered contemporaneously with this opinion.

#   #   #

3

**Service List:**

Josiah L Mason
153 W Main St
PO Box 345
Ashland, OH 44805-2219

Amelia A Bower
Plunkett & Cooney
300 E Broad St
#590
Columbus, OH 43215

4